UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | NO. 10-204<br><br><br><br><br>SECTION "N" (1) |

## **ORDER AND REASONS**

Presently before the Court is the "Second Motion to Continue the Trial or in the Alternative to Exclude Testimony Because Government Failed to Provide Timely Notice of Expert Witness Information as Required by Rule 16(G) of the Federal Rules of Criminal Procedure" (Rec. Doc. 444) filed by defendants Kenneth Bowen, Robert Gisevius, Robert Faulcon, Anthony Villavaso and Arthur Kaufman, wherein defense counsel again urge the Court to postpone trial in this matter. Only twenty days ago, this Court considered a similar motion by defendants, and granted a one-week continuance from June 13, 2011 to June 20, 2011. Once again, the motion is opposed by the government (Rec. Doc. 453).

In this motion, defendants urge two grounds for continuing the trial date: (1) defendants again cite the extraordinary number of documents produced by the government over the past several

1

months, claiming that counsel are unable to go through such documentation prior to trial; and (2) defendants cite three new "expert" witnesses who were not timely disclosed, in compliance with this Court's deadline, pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

As to defendants' assertion that the material produced by the government is so voluminous that they cannot be prepared for the June 20, 2011 trial date, the Court cites to its previous opinion (Rec. Doc. 395), which considered this argument. Defendants make the same argument they previously made, but fail to offer any further detailed insight or additional urgency, or discuss any of the Court's previously-given reasons for denying a continuance of the trial beyond June 20, 2011.

As to the second reason, it is the Court's understanding that the three witnesses in question (Glenn Madison, Larry Cager, and Chuck Badon) are to provide **fact**, not expert, testimony. Additionally, the Court notes that the previously-set deadline for the disclosure of experts by the government, pursuant to Rule 16, was April 25, 2011. On that date, the government disclosed nine experts[1] whose testimony it anticipates presenting at trial. None of the three individuals mentioned hereinabove were disclosed on April 25, 2011; rather, their identity and anticipated testimony was disclosed via email from prosecutor Bobbi Bernstein to defense counsel on May 31, 2011. Thus, these three witnesses will not be allowed to offer expert opinions regarding any aspect of this case, and particularly with regard to the alleged actions of any of the defendants herein.

In considering the defendants' motion, the undersigned further inquired of the government

---

[1] A couple of the government's designations have more than one individual listed, in "either/or" fashion. It is the assumption of the Court that one and only one expert shall testify as to that particular matter of expertise. The Court strongly discourages repetitive and redundant testimony.

the following: (1) When (what years) did these witnesses teach at the New Orleans Police Department (NOPD) Academy; (2) Did any of these witnesses train (or teach at the NOPD Academy) when any of the defendants were there; (3) Did any of the defendants receive training from any of these witnesses; and (4) How is this witness testimony relevant to these defendants/this case?  The government responded in its opposition memorandum.

As to the testimony of Messrs. Madison, Cager and Badon, they have not been identified and/or offered by the government as expert witnesses; they will most assuredly not testify as such.  They will not be permitted to state opinions that, in any way, arise out of their specialized knowledge or expertise, to the extent they possess any, as sworn law enforcement officers certified by the Louisiana Peace Officers Standards and Training (POST) organization.  Rather, they may only testify as to facts based upon their own personal firsthand knowledge.

These witnesses likewise will <u>not</u> testify as experts in POST certification.  In that regard, the government has stated that Mr. Madison taught a course entitled "Police Survival: Legal and Mental Aspects" "at least since he started working there [at the NOPD Academy] in 2000 or 2001."  (See Rec. Doc. 453, p. 9.)  The government candidly admits, however, that it cannot confirm that this course was offered during any of the years when any of the defendants were POST-certified.  Moreover, Mr. Cager has taught at the NOPD Academy only since 2003, well after any of the defendants attended any courses there.  (See Rec. Doc. 453, p. 8, fn. 5.)  And, although Mr. Badon taught numerous courses at the NOPD Academy from 1997-2004 (a time period which might include four of the five defendants), he apparently does not have precise records, or recall, about when he taught which courses, and whether any of the defendants received any instruction from him

3

in any course. It is difficult for the undersigned to see how Mr. Cager's fact testimony would have any relevance whatsoever to these defendants or the counts alleged against them, given the commencement of his teaching at the NOPD Academy in 2003. Moreover, it will have to be established that the other two witnesses somehow have information that might be relevant to the training of one or more of the defendants herein. Simply declaring them as fact witnesses will not license them to offer expert testimony on POST certification and the requirements of courses offered pursuant thereto.

Thus, absent a much sounder foundation than presented here, the Court has serious doubts about the relevance of the fact testimony of any of these three witnesses, and encourages the government to reconsider the apparently scant value this testimony has to this trial.

Moreover, the government's suggestion (See Rec. Doc. 453, p. 4, fn. 2) that it intends to ask hypothetical questions to a "use-of-force trainer" will not be permitted, as he will testify only as a **fact** witness. The witness will testify as to **facts** known to him based upon his personal firsthand knowledge, and cannot speculatively testify as to facts in response to hypothetical factual scenarios, unless he were otherwise qualified as an expert, which the government claims he is not. To allow a "use of force trainer" to answer hypothetical questions regarding his teachings on the use of force, without compliance with Rule 16, would merely circumvent the government's obligation under that Rule to disclose the identity and area of expertise of this witness, along with opinions offered. As any answers by this witness to hypothetical questions will necessarily call for him to utilize his special training in "use of force", opinions elicited by way of hypothetical questions are prohibited. Calling a police "trainer" as a fact witness will not serve as an integument for someone who is,

4

clearly, an expert witness.

Thus, to the extent that defendants claim that three new "experts" were delinquently disclosed to them such that a continuance is warranted, the Court cannot agree. Moreover, as the government points out in its opposition, the very idea of eliciting "use-of-force" expert testimony was well known to all counsel early on in this case, and even mentioned by defense counsel as early as mid-January, almost five months ago.

## CONCLUSION

For the reasons stated herein, the "Second Motion to Continue the Trial or in the Alternative to Exclude Testimony Because Government Failed to Provide Timely Notice of Expert Witness Information as Required by Rule 16(G) of the Federal Rules of Criminal Procedure" (Rec. Doc. 444) filed by defendants Kenneth Bowen, Robert Gisevius, Robert Faulcon, Anthony Villavaso and Arthur Kaufman is **DENIED**.

New Orleans, Louisiana, this 9th day of June, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**