UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-204 |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are: (1) motions filed by Defendants Kenneth Bowen, Robert Gisevius, and Anthony Villavaso seeking to dismiss the 18 U.S.C. § 924(c) charges set forth in Counts Two and Seven of the Redacted Indictment (Rec. Docs. 656, 689, 701, 707-08); and (2) a motion filed by Defendant Robert Faulcon seeking dismissal, on the same grounds, of the § 924(c) charges set forth in Counts Two, Seven, and Nine of the Redacted Indictment (Rec. Doc. 694). The Government filed an opposition memorandum to these motions (Rec. Doc. 716), to which Defendant Bowen filed a reply memorandum (Rec. Doc. 726). Having carefully considered the parties' submissions, **IT IS ORDERED** that, for the reasons stated herein, the motions are **DENIED**.

Defendants urge two grounds for dismissal of Counts 2, 7, and 9. First, Defendants contend that § 924(c), as applied to them – local police officers convicted of using excessive force while in the line of duty – is unconstitutional. Specifically, they contend that applying § 924(c) to state or local police officers convicted of violating 18 U.S.C. § 242 – because of the manner in which they performed their official duties – impermissibly infringes on a core aspect of state sovereignty

1

and is not a valid exercise of Congress's power under §5 of the Fourteenth Amendment.[1] Defendants maintain that such an application of § 924(c) would exceed Congress's enumerated powers and invade a traditional area of State and local concern – crime control – long relegated to the States under the Tenth Amendment. As such, because federal courts have jurisdiction over only those offenses that Congress has the power to enact, Defendants argue this Court lacks jurisdiction relative to the instant § 924(c) counts. Second, and alternatively, Defendants argue the redacted indictment fails to state an offense with respect to the § 924(c) counts because Congress did not intend § 924(c)(1) to reach the Defendants' conduct.

In considering and ruling upon these motions, the Court conceptually and philosophically agrees with much of Defendants' position relative to the application of § 924(c) in this matter. This is particularly true given that § 924(c) establishes substantial mandatory minimum sentences of imprisonment that, significantly, must be served consecutively to any other term of imprisonment imposed upon the person being sentenced, including any term for the predicate crime of violence. *See* 18 U.S.C. §924(c)(1)(A),(C) and (D).[2] As such, § 924(c) substantially inhibits the ability of sentencing judges – judges who are uniquely informed of all relevant facts and circumstances after accepting a guilty plea or presiding over a jury trial, carefully reviewing a Pre-

---

[1] Defendant Bowen seeks to remedy any uncertainty as to his contentions in his reply memorandum (Rec. Doc. 726) by stating: "Contrary to the government's memorandum, Bowen does not challenge the application of § 924(c) to all police officers. His challenge is limited to cases where the predicate crime of violence is § 242, a civil rights violation, and the conduct constituting the civil rights violation occurred in the line of duty."

[2] As stated by the Supreme Court in *United States v. Morrison,* 529 U.S. 598, 618 (2000): "[W]e can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims."

Sentence Investigation Report, and conducting a sentencing hearing – to fashion a sentence that he or she finds to be legally just and appropriate based upon the otherwise applicable sentencing factors set forth in 18 U.S.C. §3553(a) and (b).

Conceptual agreement alone, however, cannot govern this Court's rulings. Rather, its rulings are, as they must be, premised upon pertinent legal authorities, which here are the statutory provisions enacted by Congress and binding jurisprudence interpreting and applying those statutory mandates. On its face, § 924(c) provides no exception to its application of the sort sought by Defendants. Nor is its unconstitutionality, as applied to Defendants, sufficiently clear. Rather, to find § 924(c) unconstitutional as applied would essentially require the Court to find it unconstitutional as it is written. Given Fifth Circuit jurisprudence involving the application of § 924(c) to federal, state, and local law enforcement officers convicted of § 242 violations premised upon conduct occurring while in the line of duty, this Court does not believe it can offer Defendants any relief at this time. *See United States v. Ramos,* 537 F.3d 439, 446-47, 456-58 (5th Cir. 2008); *United States v. Williams,* 343 F.3d 423, 430-34 (5th Cir.), *cert. denied*, 540 U.S. 1093 (2003); *see also United States v.*

*Winters*, 105 F.3d 200, 202-03 (5th Cir.1997).[3] Accordingly, the Court denies Defendants' motions. Nevertheless, the Court encourages the federal appellate courts and Congress to closely examine these compelling issues.

New Orleans, Louisiana, this 5th day of March 2012.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[3] The Court notes, however, that none of these cases addressed the particular arguments made here by Defendants.