**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-204 |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | SECTION "N" (1)<br><br><br><br><br>**Order Does Not Apply to Mr. Dugue** |

## ORDER AND REASONS

Presently before the Court is Defendant Bowen's "Motion for New Trial Based on Newly Discovered Evidence of *Brady* and *Nupue* Violations" (Rec. Doc. 906). Defendants Gisevius, Faulcon, Villavaso, and Kaufman have joined in the motion.[1] For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**.[2]

Alleging the existence of newly discovered evidence, Defendants contend that they are entitled to a new trial. The evidence in question is a video taken by WFOR, a CBS affiliate in Miami, Florida, of a portion of the walkway on the Danziger Bridge on the day of the shooting

---

[1] Herein, the Court refers collectively to the five movants as "Defendants."

[2] Defendant Arthur Kaufman has filed a separate motion for new trial (Rec. Doc. 963), in which Defendants Bowen, Gisevius, Faulcon, Villavaso have joined. That motion is the subject of the Court's November 30, 2012 Order and Reasons (Rec. Doc. 1070), but remains under submission. It is not the subject of this Order and Reasons.

1

before James Brissette's body was removed. Defendant Bowen's current counsel, Robin Schulberg,[3] obtained this video from Barbara Bernstein, lead counsel for the government, during preparation for sentencing in mid-March 2012. The prosecution failed to produce it to Defendants prior to or during the trial.

Defendants maintain the unproduced video shows that, on the day of the September 4, 2005 shooting, there were no casings on the expanse of the walkway between Brissette's body and two spent shotgun shells farther down the bridge. Thus, Defendants contend, the video definitively contradicts government witness Jeffrey Lehrmann's testimony that Bowen kicked casings off the walkway the day before crime scene technicians were scheduled to process the scene in late October 2005. Because the government did not provide them with the video prior to or during trial, Defendants argue that the government violated *Napue v. Illinois*, 360 U.S. 264 (1959), by presenting testimony it knew to be false, and *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce this allegedly exculpatory evidence before trial.

Rule 33(b)(1) of the Federal Rules of Criminal Procedure allows defendants to seek a new trial based on newly discovered evidence within three years of the jury verdict. The required showing consists of what are known as the *Berry* factors: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal. *See United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011)(citing *Berry v. Georgia*, 10 Ga. 511 (1851)).

---

[3] Attorney Frank DeSalvo represented Defendant Bowen at trial.

A claim that newly discovered evidence reveals a violation of *Napue v. Illinois,* however, need not satisfy the last prong of the *Berry* test, i.e., that the evidence in question "probably" would produce an acquittal." *See United States v. Wall*, 389 F.3d 457, 473 (5th Cir. 2004); *United States v. MMR Corp.*, 954 F.2d 1040, 1047 (5th Cir. 1992); *United States v. Antone*, 603 F.2d 566, 567 (5th Cir. 1979). Rather, a *Napue* violation is established when newly discovered evidence shows that: (1) a witness's testimony was actually false; (2) the government knew or should have known the testimony was false; and (3) the evidence is material. *Wall*, 389 F.3d at 472-73. Under *Napue*, false evidence is deemed material "if there is any reasonable likelihood that [it] could have affected the jury's verdict." *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir.2007) (quoting *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir.1996)).

To establish a *Brady* violation, a defendant must show: (1) the prosecution suppressed evidence either willfully or inadvertently; (2) the evidence was favorable to the defense; and (3) the evidence was material. *See United States v. Barraza,* 655 F.3d 375, 380 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1590 (2012); *Dickson v. Quarterman,* 462 F.3d 470, 477 (5th Cir. 2006)(quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)). "Favorable evidence is that which is exculpatory or impeaching." *Id.* Evidence is material, for purposes of *Brady*, if there is a reasonable probability that the result of the proceeding would have been different if the prosecution had disclosed the evidence. *Id.*

On the showing made, the Court does not find any of the three tests to be satisfied. First, though the government did not physically produce the video to Defendants, it did not withhold the fact of its existence, or that the government had obtained a copy of it from WFOR. Indeed, the WFOR video was referenced in two discovery items that the government provided to Defendants

– a letter from prosecutor Bernstein to the station requesting the video on September 24, 2009 (MAD-031962), and a FBI Form 302 completed by Agent Bezak on October 1, 2009, acknowledging receipt of the video (MAD-031885). FBI Agent Bezak also referred to the video during the course of his trial testimony. Additionally, as the parties' submissions reveal, the video, or at least pertinent excerpts of it, and the screenshot on which Defendants particularly focus, were publicly available (via the internet) prior to and during the trial. And, although Defendant Gisevius's trial counsel, Eric Hessler, emailed Bernstein, during the course of the trial, to inquire as to which "second video" Agent Bezak twice referred, he unfortunately did not specifically mention "WFOR", Bernstein's letter to WFOR, or Agent Bezak's 302 documenting the request for and receipt of the video.[4] If he had, the Court has no reason to conclude that the video would not have been disclosed, or at least accurately identified, by the prosecution team.[5]

In any event, it is not evident to the Court that there is a reasonable likelihood that the Government's provision of the video in question to Defendants could have favorably affected the jury's verdict. Contrary to Defendants' assertion, the video is far from determinative of the alleged falsity of Lehrman's statements. At most, for many of the reasons argued by the government in its submissions, the video is inconclusive. Further, Defendants do not contend, nor did they so

---

[4] *See* July 17 and 18, 2011 email (Rec. Doc. 968-1, pp. 1-2). These documents reflect that Bernstein apparently received and (twenty minutes later) responded to Hessler's query while she was in an interview. Copying the government's paralegal, Steven Harrell, on her response, Bernstein asked Harrell to advise defense counsel "where [the video clip] is." Defendants do not submit that they inquired pre-trial regarding the video referenced in the letter or FBI 302 document produced by the government during discovery. Likewise, there is no dispute that Bernstein promptly provided the video in question in response to Schulberg's March 2012 response, or that, in response to a subpoena (Rec. Doc. 958), WFOR provided a copy of the video directly to Schulberg (Rec. Doc. 958-3).

[5] *Id.*

4

contend at trial, that they, including Defendant Bowen, did not discharge firearms in the direction of the walkway.  Thus, bullet casings (in addition to the shotgun shells shown in the video) necessarily were ejected in the street and/or the walkway on the day of the shooting.  Nor have Defendants contested that 26 metal casings and 4 spent shotgun shells were recovered from the grassy area below the bridge by crime scene personnel approximately six weeks after the shootings, or that at least some of the casings were matched with Defendants' firearms.

Given the foregoing, and applying applicable legal principles, the Court is not convinced that the relief Defendants seek is warranted.  Thus, Defendants' motion is denied.

New Orleans, Louisiana, this 4th day of December, 2012.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**