UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | NO. 10-204<br><br><br><br><br>SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are motions filed by Defendants Bowen, Gisevius, Faulcon, and Villavoso (Rec. Docs. 1188-1191) seeking release on bond pending the Government's appeal of the Court's September 17, 2013 order granting a new trial (Rec. Docs. 1137 and 1174-1).[1] For the reasons stated herein, **IT IS ORDERED** that, on the showing made at this juncture, the motions are **DENIED**.

As set forth in the parties' briefs, detention pending a government appeal of an order granting a new trial is governed by the provision regulating pre-trial detention, that is, 18 U.S.C. §3142. See 18 U.S.C. § 3143(c). Section 3142(e) provides that a defendant shall be detained if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"

---

[1] Upon motion by the government, the September 17, 2013 Order and Reasons (Rec. Doc. 1137) was re-entered, for procedural reasons, on October 11, 2013. (See Rec. Docs. 1173, 1174 and 1174-1.)

Where there is probable cause to believe that a defendant committed a firearm offense in violation of § 924(c), it is presumed, subject to rebuttal, that the defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(3)(B). An indictment suffices to invoke this presumption. *United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir.1987). In rebutting the presumption, the defendant carries only the burden of producing rebutting evidence; the burden of persuasion remains with the government. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). The presumption, however, is not a mere "'bursting bubble'" that totally disappears from the judicial officer's consideration after the defendant comes forward with evidence. *Id.* Rather, it remains as one factor to be considered. *Id.* Other factors to be considered are: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to the community. See 18 U.S.C. § 3142(g).

Pre-trial detention also is governed by constitutional due process considerations. Specifically, the Due Process Clause of the Fifth Amendment allows pre-trial detention that is regulatory, but not punitive, in nature. *United States v. Salerno*, 481 U.S. 739, 748 (1987). In determining whether pre-trial detention has become excessively prolonged such that due process is violated, courts consider, in addition to the factors pertinent to initial detention determinations: (1) the length of the detention that has in fact occurred or may occur in the future; (2) the non-speculative nature of future detention; (3) the complexity of the case; and (4) whether the strategy of one side or the other occasions the delay. *Hare*, 873 F.2d at 801.

Applying these principles here, the Court declines to release these four defendants on bond during the pendency of the Government's appeal.  Despite having ordered a new trial because of various acts of governmental misconduct, the Court did not dismiss the serious charges pending against the defendants, which include crimes of violence, one or more firearm charges, and obstruction of justice charges.  And, though the Court has expressed serious concerns regarding the fairness of the 2011 trial in this matter, the nature of the incriminatory evidence against these four defendants, notwithstanding certain undeniably positive aspects of their histories and characteristics, is colorable.  Nor is the Court presently in a position to conclude that the prospect of future detention, at least with respect to certain of the charged counts, is speculative. This is true even if, as argued by the defendants, Congress ultimately enacts legislation giving sentencing judges discretion to impose sentences below statutory minimums.  Finally, although future proceedings in this matter should be much more streamlined than in the past, the matter is not without complexity. Accordingly, for the foregoing reasons, the Court at this time denies the relief requested by the defendants.

New Orleans, Louisiana, this 9th day of January 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**